**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**GERALD WALKER, a/k/a Jerard Walker,**
**a/k/a Jacaun Steele,**

                                  **Petitioner,**

                           **v.**                           **9:02-CV-790**
                                                                 **(FJS/VEB)**

**JAMES CONWAY,**

                                    **Respondent.**[1]

---

**APPEARANCES**                                 **OF COUNSEL**

**GERALD WALKER**
**a/k/a Jerard Walker**
**a/k/a Jacaun Steele**
**98-A-2082**
Attica Correctional Facility
Box 149
Attica, New York 14011
Petitioner *pro se*

**OFFICE OF THE NEW YORK**           **RISA L. VIGLUCCI, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Respondent

**SCULLIN, Senior Judge**

## ORDER

    Petitioner Gerald Walker commenced this action seeking habeas corpus relief under 28

U.S.C. § 2254 on June 14, 2002. *See* Dkt. No. 1. In a Report and Recommendation dated May

---

[1] In his May 7, 2007 Report and Recommendation, Magistrate Judge Bianchini directed the Clerk of the Court to substitute James Conway, the Superintendent of Petitioner's current correctional facility, in place of Thomas Ricks as Respondent. *See* Dkt. No. 16 at 19 n.10.

7, 2007, Magistrate Judge Bianchini recommended that this Court deny and dismiss that petition. *See* Dkt. No. 16. He also directed the parties to file any objections that they had to the Report and Recommendation within ten days after receiving a copy of that document. *See id.* at 19. Petitioner thereafter requested an extension of time, until June 20, 2007, to file his objections, which the Court granted. *See* Dkt. No. 17. On June 25, 2007, because none of the parties had filed any objections to the Report and Recommendation and the time to file such objections had expired, the Court adopted the Report and Recommendation in its entirety and denied and dismissed the petition. *See* Dkt. No. 18. The Clerk of the Court entered judgment in favor of Respondent on the same day. *See* Dkt. No. 19.

On June 26, 2007, the Court received Petitioner's objections to the Report and Recommendation. *See* Dkt. No. 20. It is well-settled that a submission that an inmate files is deemed "filed" when he delivers it to prison officials. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993); *Pritchard v. Kelly*, No. 9:98-CV-0349, 2000 WL 33743378, *2 n.2 (N.D.N.Y. Oct. 3, 2000) (citations omitted). Moreover, the court assumes that the date on which the inmate signed the submission is the date on which the inmate gave the submission to prison officials to be mailed. *See Mingues v. Nelson*, No. 96 CV 5396, 2004 WL 324898, *3 (S.D.N.Y. Feb. 20, 2004) (citations omitted). In this case, Petitioner signed his objections and affidavit of service by mail on June 4, 2007. *See* Dkt. Nos. 20-21. Accordingly, the Court will presume that Petitioner delivered his objections to prison officials on June 4, 2007; and, therefore, the Court deems that Petitioner timely filed his objections. *See Dory*, 999 F.2d at 682.

As the Court noted in *Cole v. United States*, No. 98 CV 7670, 2003 WL 21909758 (E.D.N.Y. July 30, 2003),

> Federal Rule of Civil Procedure 60(b) permits the district court to relieve a party from a final judgment or order for "(6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). *See also Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) ("While normally such relief is sought by motion of a party, *see* Fed. R. Civ. P. 60(b), nothing forbids the court to grant such relief *sua sponte*.").

*Id.* at *1.

In deciding whether to vacate a judgment pursuant to Rule 60(b), "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citation omitted); *see also Welkovics v. Hebrew Acad. of Capital Dist.*, No. 93-CV-1465, 1995 WL 760726, *2 (N.D.N.Y. Nov. 14, 1995). Applying these principles to the facts of this case, the Court finds that Petitioner's *pro se* status, coupled with the timely filing of his objections, "justif[ies] relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that the Court's June 25, 2007 judgment is **VACATED**. The Clerk of the Court shall reopen this action and restore it to this Court's docket; and the Court further

**ORDERS** that the Clerk of the Court shall forward the file in this matter to the Court for its review; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 11, 2007
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge